**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **WAYLAND THOMAS WILSON,** | ) |
|       **Defendant-Petitioner,** | ) |
| | ) |
| **vs.** | )    No.  3:92-CR-238-T |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
|       **Plaintiff-Respondent.** | ) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the United States District Court for the Northern District of Texas, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the magistrate judge are as follows:

**FINDINGS AND CONCLUSIONS**

Wayland Thomas Wilson ("Movant") seeks to reduce his sentence pursuant to 28 U.S.C. § 3582(c)(2). Movant is a federal prisoner currently incarcerated in a federal correctional institution. Respondent is the United States of America ("Respondent").

**STATEMENT OF THE CASE**

On November 12, 1993, the District Court sentenced Movant to a total of 444 months imprisonment for one count of conspiracy to distribute cocaine, three counts of use of a communication facility, and one count of money laundering. Movant filed his § 3582(c)(2) motion on June 21, 2005.

## STATEMENT OF THE CLAIM

Movant alleges the following claim:

> That his sentence should be reduced based on the fact that his term of imprisonment was subsequently lowered by Amendment 591 of the Sentencing Guidelines.

## EXAMINATION OF THE CLAIM

A district court does not have inherent authority to resentence a defendant at any time. *United States v. Hovsepian*, 307 F. 3d 922 (9th Cir. 2002). A district court's authority to modify or correct a sentence is limited to those specific circumstances enumerated by statute. *United States v. Bridges*, 116 F. 3d 1110 (5th Cir. 1997).

18 U.S.C. § 3582 states that a court may not modify a term of imprisonment once imposed unless three specific circumstances exist. The third of these circumstances states:

> That a defendant was sentenced to a term of imprisonment based on a sentencing range that had subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) if such a reduction would be consistent with applicable Sentencing Commission policy statements. (18 U.S.C. § 3582(c)(2)).

Movant contends that he was sentenced to a term of imprisonment that was subsequently lowered by the Sentencing Commission. In support of Movant's claim, he relies on Amendment 591 to the Sentencing Guidelines which became effective on November 1, 2000. Movant fails to show how Amendment 591 entitles him to a reduced sentence.

Amendment 591 to the Sentencing Guidelines was made to clarify the inter-relationship between §§ 1B1.1(a), 1B1.2(a) and the Statutory Index's introductory commentary. This was to emphasize "that the sentencing court must apply the offense guideline referenced in the Statutory Index for the statute of conviction . . ." (2002 Supplement to App. C, at 31). Relevant conduct is factored in only after the initial selection of an offense guideline is made. *Watterson v. United*

2

*States,* 219 F. 3d 232, 234-35 & n. 6 (3rd Cir. 2000). Further, Amendment 591 also amends the guidelines to make it inappropriate for a court to consider actual conduct of the defendant when selecting which guideline should be applied by essentially making it mandatory that the court rely on the Statutory Index when selecting the appropriate guideline.

     Movant's Presentence Report indicates that both the probation officer who authorized the report, and the sentencing judge used the Statutory Index to determine the appropriate offense guideline for each offense. The only guidelines used were those listed in the Index as corresponding to the offenses of which Movant was convicted. Movant's contention is that the Court sentenced him by using the offense guideline for a violation of 21 U.S.C. § 841 rather then for a violation of 21 U.S.C. § 846. The Statutory Index shows that the appropriate offense guideline for a 21 U.S.C. § 846 violation is the same guideline applied by the District Court. The Court considered relevant conduct only after selecting the appropriate offense guideline for the offense of conviction. Further, a comparison of the relevant guidelines both before and after Amendment 591 became effective reveals that the amendment does not affect Movant's sentence in any capacity. Based on the totality of the record, Movant fails to meet any of the requirements for invalidating or reducing his sentence.

**RECOMMENDATION**:

This Court hereby recommends that Movant's motion to reduce his sentence pursuant to 28 U.S.C. § 3582(c)(2) be denied.

SIGNED, December 1, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).